IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CARANTON D. McNAIR                                                             PETITIONER

v.                                                                          CIVIL NO. 1:23-cv-90-HSO-BWR

SHERIFF DAVID ALLISON                                           RESPONDENT

ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I. BACKGROUND

Pro se Petitioner Caranton D. McNair ("Petitioner") was a pretrial detainee housed in the Pearl River County Detention Center in Poplarville, Mississippi, when he filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1] Pet. [1] at 1. Petitioner's habeas relates to the lack of "privilege[d] conversations" with his attorney, failure to receive *Miranda* warnings, and failure to receive a preliminary hearing. *Id.* at 7–8. Petitioner requests that the criminal charges against him be dropped. *Id.* at 8.

---

[1] On April 10, 2023, an Order [3] was entered severing Petitioner's § 1983 claims from this case and directing the Clerk to open a new 42 U.S.C. § 1983 action. *See McNair v. Allison*, Civ. Act. No. 1:23-cv-94-TBM-RPM (S.D. Miss. July 6, 2023).

Petitioner previously filed two separate changes of address in this case. The first was on May 5, 2023, *see* Notice of Change of Address [7], and the second was on May 24, 2023, *see* Notice of Change of Address [9]. Petitioner's return address on the envelope containing his Motion to Proceed *In Forma Pauperis* filed on August 9, 2023, *see* Attach. [13-1], which was his last communication with the Court, did not reflect a change of address and is his last known mailing address of record.

On December 4, 2023, the Magistrate Judge entered an Order [15] directing Petitioner to file a response providing additional information about his pending criminal charge. Order [15] at 1–2. Petitioner was directed to file a written response on or before December 18, 2023. *Id.* at 1. The Order [15] warned Petitioner "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed . . . ." *Id.* at 2. That Order [15] was mailed to Petitioner at his last known address, and on December 11, 2023, the envelope containing that Order [15] was returned by the postal service stating, "RETURN TO SENDER, TEMPORARILY AWAY, UNABLE TO FORWARD," Mail Returned [16] at 1. Petitioner did not file the required response or provide a change of address.

On January 3, 2024, the Magistrate Judge entered an Order to Show Cause [17] which required that, on or before January 18, 2024, Petitioner:

2

(1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [15]; and (2) comply with the Court's previous Order [15] by filing a response providing additional information about his pending criminal charge. Order to Show Cause [17] at 2. Petitioner was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed . . . ." *Id*. at 3. The Order to Show Cause [17] was mailed to Petitioner at his last known address, and on January 10, 2024, the envelope [18] containing the Order to Show Cause [17] was returned by the postal service stating, "RETURN TO SENDER, VACANT, UNABLE TO FORWARD," Mail Returned [18] at 1. Petitioner did not respond to the Order to Show Cause [17] or provide the Court with a change of address.

Since Petitioner is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [15], [17]. On January 26, 2024, the Magistrate Judge entered a Second and Final Order to Show Cause [19] which required that, on or before February 9, 2024, Petitioner: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [15], [17]; and (2) comply with the Court's previous Orders [15], [17] by filing a response providing additional information relating to his pending criminal charge.

3

Second and Final Order to Show Cause [19] at 2. That Order [19] warned Petitioner "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . **will result** in this cause being dismissed without prejudice and without further notice to Petitioner." *Id.* at 3. (emphasis in original). That Second and Final Order to Show Cause [19] was also mailed to Petitioner at his last known address. The envelope [20] containing the Second and Final Order to Show Cause [19] was returned by the postal service stating, "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." Returned Mail [20] at 1. Petitioner did not respond to the Second and Final Order to Show Cause [19] or provide the Court with a change of address, and he has taken no action in the case since August 9, 2023.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a petitioner's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) ("Under Rule 41(b), a district court may dismiss an action sua sponte if the plaintiff fails to comply with court orders."). The Court's authority to dismiss an action for failure to prosecute extends to habeas corpus

petitions. *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630–31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629–30.

Petitioner did not comply with three Court Orders or supply the Court with a current address. *See* Second and Final Order to Show Cause [19] at 3; Order to Show Cause [17] at 2; Order [15] at 2. Petitioner had been warned in previous Orders that failure to inform the Court of a change of address would result in the dismissal of his lawsuit.[2] *See* Order [14] at 1; Second and Final Order to Show Cause [12] at 3; Order to Show Cause [10] at 3; Order [8] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Petitioner has not contacted the Court or taken any action in the case since August 9, 2023, when he filed his Motion for Leave to Proceed *In Forma Pauperis* [13]. Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Petitioner no longer wishes to pursue this case. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent

---

[2] These Orders have not been returned by the postal service as undeliverable.

prosecution" but instead such efforts have proven futile. *See Tello v. Comm'r*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 22nd day of February, 2024.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE